IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENTE BLOSSER and his wife, MARIE BLOSSER, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY and CLEANUP SERVICES, INC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) 2:23-cv-809-NR |

## MEMORANDUM ORDER

Allstate Insurance Company has moved to dismiss Count III (statutory bad faith) of the Blossers' complaint. [ECF 1-4]. After carefully considering the parties' arguments and applying the familiar Rule 12(b)(6) standard, the Court denies Allstate's motion.[1]

Allstate seeks to dismiss the Blossers' statutory bad-faith claim, contending that it "contains only boilerplate allegations in support of the bad faith claim." [ECF 7, p. 7]. Allstate also argues that that it had no affirmative duty to inform the Blossers of the Additional Living Expenses (ALE) coverage under their policy. [ECF 10, p. 4]. The Blossers argue that they have adequately pled bad faith because they alleged that Mr. Blosser was disabled and unable to access a working restroom during renovation, Allstate knew that he was disabled, and Allstate did not advise the Blossers of the ALE benefits that would have enabled Mr. Blosser to move out of his home and have access to a working restroom while repairs were being performed on his residence. [ECF 10, p. 5].

---

[1] The Court writes for the benefit of the parties, who are familiar with the factual and procedural background, as well as the allegations in the complaint.

- 1 -

"To state a claim for bad faith under Pennsylvania law, a plaintiff must demonstrate (1) the insurer lacked a reasonable basis for denying benefits, and (2) the insurer knew or recklessly disregarded its lack of reasonable basis." *Dunleavy v. Mid-Cent. Ins. Co.*, 460 F. Supp. 3d 602, 611 (W.D. Pa. 2020) (Ranjan, J.), *aff'd*, 848 F. App'x 528 (3d Cir. 2021) (cleaned up). "Bad faith claims are fact-specific and depend on the conduct of the insurer vis-à-vis its insured." *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. 2000). Pennsylvania courts have recognized that examples of bad faith can include "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance." *Id.* (internal quotations omitted).

Accepting as true the Blossers' allegations and drawing all reasonable inferences from those allegations, the Blossers have sufficiently pled a bad-faith claim at this juncture. For example, ¶¶ 84c. and f. of the Blossers' complaint alleges facts that, if true, state a claim for bad faith. [ECF 1-4, at ¶¶ 84c. and f.].[2] To be sure, more information is necessary, including discovery into the course of communications between Allstate and the Blossers and the course of dealing between Allstate and its adjuster, to refine the claim and determine whether it will ultimately survive on the merits after the facts are fleshed out. So while the Court denies the motion, it does so without prejudice to Allstate raising the argument again on a more developed record at summary judgment.

---

[2] These paragraphs allege that Allstate "employed an adjuster known/reasonably anticipated to support an unreasonably low estimate value; [and] failed to offer the Plaintiffs additional living expenses, among other coverages to which Plaintiffs were entitled[.]"

**AND NOW**, this 20th day of September, 2023:

**IT IS HEREBY ORDERED** that Allstate Insurance Company's Motion to Dismiss [ECF 6] is **DENIED**.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge
